UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | EDCV 16-1527-MWF (KKx) | Date | March 7, 2017 |
| Title | *Daniel Lopez v. Florentino Sanchez, et al.* | | |

Present: The Honorable **KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE**

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order Denying Defendant's Motion to Compel [Dkt. 22]

## I.
## SUMMARY OF RULING

On February 2, 2017, Defendants Florentino Sanchez, Cecilia Sanchez, and Casa Delicias, Inc. ("Defendants") filed a Motion to Compel Production of Documents and Further Responses to Interrogatories ("Motion to Compel") and a Joint Stipulation. Defendants seek to compel Plaintiff Daniel Lopez ("Plaintiff") to (1) produce all documents in response to Requests for Production Nos. 2, 4, 6, 8, and 9; and (2) respond to Interrogatory Nos. 9, 10, and 13 through 18. Defendants also request an award of attorney's fees and costs in the amount of $4,800.00 and sanctions in the amount of $5,000.00. For the reasons set forth below, the Court (1) DENIES Defendants' Motion to Compel, and (2) DENIES Defendants' request for attorney's fees and costs, and request for sanctions.

## II.
## RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On July 13, 2016, Plaintiff filed a Complaint against Defendants for damages and injunctive relief for violations of the (1) Americans with Disabilities Act ("ADA"); and (2) the UNRUH Civil Rights Act ("UNRUH"). ECF Docket No. ("Dkt.") 1. Plaintiff, who is a paraplegic and who uses a wheelchair for mobility, alleges he visited Defendants' restaurant in April 2015. Id. ¶¶ 1, 10. Plaintiff further alleges Defendants' restaurant did not have accessible parking spaces reserved for persons with disabilities and the transaction counter did not have a

lowered portion for use by persons in wheelchairs.  Id.  Plaintiff alleges he "will return to patronize the Restaurant as a customer once the barriers are removed."  Id. ¶ 24.  On August 30, 2016, Defendants filed an Answer.  Dkt. 12.

On November 4, 2016, Defendants served Requests for Production and Interrogatories.  Dkt. 22-1 at 1-82, Declaration of Yolanda Flores-Burt in support of Motion to Compel ("Flores-Burt Decl."), ¶ 2.  On December 5, 2016, Plaintiff served responses to Defendants' Requests for Production and Interrogatories.  Id. at 83-188, Declaration of Sara Gunderson in support of Opposition to Motion to Compel ("Gunderson Decl."), ¶ 2.

On December 15, 2016, Defendants' counsel sent a letter to Plaintiff's counsel requesting supplemental responses.  Flores-Burt Decl., ¶ 3, Ex. A.  On December 21, 2016, Plaintiff provided supplemental responses.  Id. ¶ 5, Ex. B.

On December 27, 2016, Defendants' counsel sent a second letter to Plaintiff's counsel requesting supplemental responses.  Id., Ex. C.  On January 3, 2017, Plaintiff served additional supplemental responses along with a letter responding to the concerns set forth in Defendants' counsel's December 27, 2016 letter.  Id. ¶ 6, Ex. D.

On January 11, 2017, Defendants' counsel sent a third letter to Plaintiff's counsel (a) responding to Plaintiff's counsel's January 3, 2017 letter; (b) suggesting a Joint Stipulation for Protective Order; and (c) requesting supplemental responses.  Id., Ex. E.  On January 12, 2017, Defendants' counsel sent Plaintiff's counsel a letter responding to Plaintiff's counsel's January 11, 2017 letter, declining to provide further supplemental responses, and declining to enter into Defendants' proposed stipulated protective order.  Id., Ex. F.

On February 2, 2017, Defendants filed the instant Motion to Compel and Joint Stipulation.  Dkt. 22.  Plaintiff's Opposition to the Motion to Compel is set forth in the Joint Stipulation.  Id.  Neither party filed any supplemental briefs.

### III.
### LEGAL STANDARD

Federal Rule of Civil Procedure 26(b) provides that parties may obtain discovery regarding:

> any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).  Relevant information "need not be admissible in evidence to be discoverable."  Id.  A court "must limit the frequency or extent of discovery otherwise allowed" if "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)."  Fed. R. Civ. P. 26(b)(2)(C).  "The party moving to compel bears the burden of demonstrating why the information sought is relevant and why the responding party's objections lack merit."  Bluestone Innovations LLC v. LG Elecs. Inc., No. C -13-01770 SI (EDL), 2013 WL 6354419, at *2 (N.D. Cal. Dec. 5, 2013).

"Relevancy alone is no longer sufficient to obtain discovery, the discovery requested must also be proportional to the needs of the case."  Centeno v. City of Fresno, No. 1:16-CV-653 DAD SAB, 2016 WL 7491634, at *4 (E.D. Cal. Dec. 29, 2016) (citing In re Bard IVC Filters Prod. Liab. Litig., 317 F.R.D. 562, 564 (D. Ariz. 2016)).  The amendments to the Federal Rules of Civil Procedure effective December 1, 2015 emphasize that "[t]he parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes."  Fed. R. Civ. P. 26 advisory committee notes (2015 amendments).  Thus, there is "a shared responsibility on all the parties to consider the factors bearing on proportionality before propounding discovery requests, issuing responses and objections, or raising discovery disputes before the courts."  Salazar v. McDonald's Corp., No. 14-CV-02096-RS (MEJ), 2016 WL 736213, at *2 (N.D. Cal. Feb. 25, 2016); Goes Int'l, AB v. Dodur Ltd., No. 14-CV-05666-LB, 2016 WL 427369, at *4 (N.D. Cal. Feb. 4, 2016) (citing advisory committee notes for proposition that parties share a "collective responsibility" to consider proportionality and requiring that "[b]oth parties . . . tailor their efforts to the needs of th[e] case"); Razo v. Timec Co., Inc., No. 15-CV-03414-MEJ, 2016 WL 1623938, at *2 (N.D. Cal. Apr. 21, 2016) (same).  Moreover, "Rule 1 is amended to emphasize that just as the court should construe and administer these rules to secure the just, speedy, and inexpensive determination of every action, so the parties share the responsibility to employ the rules in the same way."  Fed. R. Civ. P. 1 advisory committee notes (2015 amendments).

Rule 37(a)(1) permits a party to move for an order compelling discovery, upon certification that the movant has in good faith conferred or attempted to confer with the opposing party in an effort to obtain the requested discovery without court action.  Fed. R. Civ. P. 37(a)(1).  Additionally, under Rule 37(a)(5)(A), if a motion to compel is granted, or if the requested discovery is provided after the motion was filed, the Court must require the party whose conduct necessitated the filing of the motion to pay reasonable expenses, including attorney's fees.  Fed. R. Civ. P. 37(a)(5)(A).  However, the Court must not order payment if the nondisclosure was substantially justified or if other circumstances make an award unjust.  Id.
///
///
///
///
///

## IV.
## **DEFENDANTS' MOTION TO COMPEL IS DENIED**

A.  DEFENDANTS' REQUESTS AND INTERROGATORIES

Defendants' Requests for Production seek copies of (1) all complaints filed by Plaintiff in the last ten years and any judgements entered in those cases (Request Nos. 2, 4, 6); and (2) all fee agreements between Plaintiff and attorneys who filed lawsuits on behalf of Plaintiff in the last ten years (Request Nos. 8, 9). Defendants' Interrogatories seek a list of the following for all cases filed by Plaintiff for violation of the ADA and UNRUH in the last ten years: (1) defendants (Interrogatory No. 9); (2) defendants' addresses (Interrogatory No. 10); (3) attorneys who represented Plaintiff (Interrogatory No. 13); (4) whether the case is resolved or pending (Interrogatory No. 14); (5) witnesses who would support Plaintiff's allegations (Interrogatory No. 18); (6) damages paid to Plaintiff (Interrogatory No. 15); and (7) fees apportioned to Plaintiff's attorneys (Interrogatory No. 16). Defendants argue all of the above is relevant to their Thirteenth Affirmative defense of unclean hands. JS at 6, 23, 32; Answer at 5.

In addition, Defendants' Interrogatory No. 17 seeks a list of the dates Plaintiff visited any of the defendants' businesses that Plaintiff sued for violation of the ADA and UNRUH in the last ten years. Defendants argue Interrogatory No. 17 is relevant to determining "Plaintiff's standing to bring this claim."[1] JS at 12.

B.  PLAINTIFF'S RESPONSES AND OBJECTIONS

Plaintiff objects to production of the fee agreements, as well as listing the witnesses, dates of visits, damages, and attorney's fees on the grounds of privacy, attorney client privilege, and attorney work product doctrine. See JS. Plaintiff provided Defendants with a case list for the past ten years and argues the complaints and judgments as well as listing the defendants, defendants' addresses, attorneys who represented Plaintiff, and whether the case is pending or resolved are equally available to Defendants from the public record of Plaintiff's prior litigation. Id. In addition, Plaintiff objects to each Request for Production and Interrogatory on the grounds they are overbroad, unduly burdensome, and seek irrelevant information. Id.

///
///

---

[1] In the Joint Stipulation, Defendants also state the damages paid to Plaintiff and fees apportioned to Plaintiff's attorneys, Interrogatory Nos. 15 and 16, are relevant to standing. However, in their meet and confer correspondence, Defendants argue Interrogatory Nos. 15 and 16 are relevant to their unclean hands defense. Because this information appears duplicative of the information sought in the Requests for Production, it appears Defendants intended to argue damages and fees were relevant to the unclean hands defense. Nevertheless, as discussed below, it does not appear this information is relevant to either standing or the unclean hands defense.

C.      DISCUSSION

      As an initial matter, the dates Plaintiff visited the locations of defendants from other litigation is not relevant to his standing to pursue this claim. The Ninth Circuit has made clear "[t]he attempted use of past litigation to prevent a litigant from pursuing a valid claim in federal court warrants our most careful scrutiny. This is particularly true in the ADA context." D'Lil v. Best W. Encina Lodge & Suites, 538 F.3d 1031, 1040 (9th Cir. 2008). In D'Lil, the court reversed the District Court's finding plaintiff lacked standing because the District Court found it was not credible that plaintiff intended to return to the Best Western based on the extent of plaintiff's prior ADA litigation. Id. The court held plaintiff's "past ADA litigation was [not] properly used to impugn her credibility." Id.; see also Molski v. Franklin, 222 F.R.D. 433, 437 (S.D. Cal. 2004) (noting "this Circuit's deference towards ADA plaintiffs in interpreting the Article III standing requirements"). Here, Defendants argue "Plaintiff must visit these businesses that he has sued after the barriers are abated in order to maintain his status as a Plaintiff." Flores-Burt Decl., ¶ 6. However, whether Plaintiff can maintain his standing as a plaintiff in other litigation is not relevant to whether he has standing to pursue the instant case. See D'Lil, 538 F.3d at 1040. Therefore, it is not apparent to the Court, nor do Defendants explain, how the dates Plaintiff visited defendant businesses sued in other litigation is relevant to his standing to pursue *this* claim. Hence, Defendants' Motion to Compel further response to Interrogatory No. 17 is DENIED.

      Next, beyond simply stating that they are relevant, Defendants do not provide any explanation regarding how the remaining documents and information sought are relevant to their defense of unclean hands. To the extent Defendants are trying to make the argument the defendant made in Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1056 (9th Cir. 2007), where the Ninth Circuit held the District Court's finding plaintiff was a vexatious ADA litigant was not clearly erroneous, the Court finds any information that may possibly be relevant is equally and publicly available to Defendants. In Evergreen, the Ninth Circuit found the District Court's finding that plaintiff was a vexatious litigant was not unreasonable where (a) plaintiff's claims of injury were exaggerated because it was unlikely plaintiff suffered the same injuries, often multiple times in one day, performing the same activities; and (b) plaintiff's litigation strategy was to harass businesses into cash settlements because only 1 of his roughly 400 ADA cases had been tried on the merits. Id. However, the court emphasized "the simple fact that a plaintiff has filed a large number of complaints, standing alone, is not a basis for designating a litigant as 'vexatious.' We also emphasize that the textual and factual similarity of a plaintiff's complaints, standing alone, is not a basis for finding a party to be a vexatious litigant." Id. at 1061.

      First, it is not apparent to the Court, nor do Defendants explain, how Plaintiff's fee agreements with attorneys are relevant to Defendants' defense of unclean hands.[2] Hence,

---

      [2] In addition, the Court notes information such as fee and damage distributions that would be included in settlement agreements is not relevant to standing. See Franklin, 222 F.R.D.

Defendants' Motion to Compel production of fee agreements (Request Nos. 8, 9) and responses to interrogatories regarding fees apportioned to Plaintiff's attorneys (Interrogatory No. 16) or any damages paid to Plaintiff beyond what may be disclosed in the public records (Interrogatory No. 15) is DENIED.[3]

Second, while Defendants fail to make the argument, it appears there is a remote possibility that complaints and judgments alleging violations of ADA or UNRUH sought in Request Nos. 2 and 6, may be relevant to Defendants' defense of unclean hands if they are able to show the type of specific conduct proven in Evergreen.[4] See Evergreen, 500 F.3d 1056. However, parties "may not use discovery to obtain free copies of documents equally available to" them. Jones v. Lundy, No. 1:03-CV-05980-AWI-LJO PC, 2007 WL 214580, at *1 (E.D. Cal. Jan. 25, 2007). "A court may refuse to order production of documents of public record that are equally accessible to all parties." Franklin v. Smalls, No. 09-cv-1067, 2012 WL 5077630, at *17 (S.D. Cal. Oct. 18, 2012). The Court finds the ten-year scope of the request is overbroad and Defendants have not provided any explanation for why they are unable to obtain copies of the relevant documents themselves. See Eusse v. Vitela, No. 3:13-CV-00916-BEN, 2015 WL 4641870, at *3 (S.D. Cal. Aug. 4, 2015) (noting "a court may require the adverse party to produce documents at cost where the documents are relevant, subject to production, and the [moving party] is unable to obtain the documents on his own due to his indigence") (citing Haney v. Adams, No. 1:07–cv–1104, 2012 WL 6097084, at *2 (E.D. Cal. Dec. 7, 2012)). In addition, the Court cannot fathom how copies of complaints or judgments that are not for violations of the ADA or UNRUH sought in Request Nos. 4 and 6 would possibly be related to Defendant's unclean hands defense. Hence, Defendants' Motion to Compel copies of complaints and judgments (Request Nos. 2, 4, 6) is DENIED.

Finally, the Court finds Defendants' Interrogatories seeking to require Plaintiff to list information readily apparent from the face of the complaints that is only marginally relevant, if at all, are unreasonably duplicative, see Fed. R. Civ. P. 26(b)(2)(C), and disproportionately overbroad and burdensome, see id. 26(b)(1). Hence, Defendants' Motion to Compel further responses to Interrogatory Nos. 9, 10, 13, 14, 15, and 18 is DENIED.

## V.
## CONCLUSION

**IT IS THEREFORE ORDERED** that (1) Defendants' Motion to Compel is DENIED as detailed above; and (2) Defendants' requests for expenses and sanctions are DENIED.

---

at 438 (holding document request seeking information regarding the amount of settlements from prior cases was not relevant to "any defense").

[3] Therefore, the Court declines to address Plaintiff's privilege concerns.

[4] The Court questions whether being a vexatious litigant would even support a defense of unclean hands, because it does not prove Plaintiff has done anything wrong or improper in *this* case.